UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAMARC PEACOCK,

    Defendant.
                                          /

Case No. 15-cv-20010

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY RELEASE [151]**

Defendant LaMarc Peacock is currently in the custody of the Federal Bureau of Prisons (FBOP) at Allenwood USP. (ECF no. 151.) Pending before the Court is Defendant's letter requesting an early release. (ECF no. 151.) In his letter, Defendant references an ill parent, as well as the COVID-19 pandemic, and asks the Court to give him an "early chance" to be a good citizen, father, son and brother to his community. (ECF no. 151.) The Court treats Defendant's request as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed in response to the COVID-19 pandemic. (ECF no. 151.) The government filed a response. (ECF no. 156.)

**I. Background**

On June 15, 2015, Petitioner pleaded guilty to six of eight indicted counts pursuant to a Rule 11 plea agreement, including Hobbs Act robbery and use of a firearm during and in relation to a robbery. (Rule 11 Plea Agr., ECF no. 34; Tr., ECF no. 135.) On January 28, 2016, the Court sentenced Petitioner to a total of 192 months: 24-month concurrent

sentences on counts one, three, five and seven, and 84-month consecutive sentences on counts six and eight. (Judgment, ECF no. 101; Sentencing Hearing Tr. 17, ECF no. 119.)

## II. Analysis

Defendant files his motion for compassionate release against the backdrop of a pandemic unprecedented in our lifetime. The prison system has not been exempt from concerns or cases of COVID-19 within its population.[1]

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides that

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . .
> ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The provisions require a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

---

[1] At the time of this Order, the FBOP website shows that Allenwood USP reported that 15 inmates had completed COVID-19 tests, and 0 inmates had positive tests. *See* https://www.bop.gov/coronavirus/ (last visited July 14, 2020).

### 1. Exhaustion of Administrative Remedies

As the Government points out in its response, Defendant provides no assertion or evidence that he has submitted an administrative request to the FBOP, nor received a response or other denial of such a request from the warden. (Gov't's Resp. 2, ECF no. 156.) In the early stages of the current pandemic, courts came to various conclusions as to whether and when the First Step Act's administrative exhaustion requirement is waivable, some finding it waivable and others finding it is not. The Sixth Circuit recently joined the Third Circuit in ruling that the administrative exhaustion requirement cannot be waived. *See United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) ("[B]ecause this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate-release requests over others), we must enforce it."); and *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020). There is no evidence to contradict this Court's finding that Defendant did not exhaust his administrative remedies prior to filing this motion. But even if the Court considered Defendant's request, Defendant does not show extraordinary and compelling reasons for release.

### 2. There Are No Extraordinary And Compelling Reasons To Grant Defendant Compassionate Release

The Court treats Defendant's letter as a motion for release and resentencing under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release. (May 14, 2020 Letter, ECF no. 151.) Defendant asserts that he has three children and a mother waiting on his return, he has lost a dear uncle to the COVID-19 virus, and "Detroit" is "one of the worst" hit city's by this pandemic.

The applicable Sentencing Commission policy statement limits compassionate release to a narrow group of defendants with "extraordinary and compelling reasons" for release in four categories: (A) Medical Condition of the Defendant, (B) Age of the Defendant, (C) Family Circumstances, and (D) Other Reasons "[a]s determined by the Director of the Bureau of Prisons." See U.S.S.G. § 1B1.13, commentary n.1. Defendant's age, 24 years old, does not provide an extraordinary or compelling reason for his release and he does not raise any medical conditions of his own.[2]

Defendant argues that his mother is "very sick regularly and can use a hand," yet provides no further information or evidence to show that this is an extraordinary and compelling reason, even when considered under the current circumstances, to grant compassionate release.[3] *See generally United States v. Lotts,* 2020 WL 835298 (D.N.M. Feb. 20, 2020) (court denied motion where the defendant did not provide evidence

---

[2] The populations most likely to suffer severe illness with COVID-19 are "[o]lder people, and those with underlying medical problems like cardiovascular disease, diabetes, chronic respiratory disease, and cancer." *See* Coronavirus, World Health Organization, https://www.who.int/health-topics/coronavirus#tab=tab_1 (visited July 14, 2020); *see also* Coronavirus Disease, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (visited July 14, 2020) ("As you get older, your risk for severe illness from COVID-19 increases. . . . There are also other factors that can increase your risk for severe illness, such as having underlying medical conditions.").

[3] If the Court had determined that Defendant was eligible for sentence reduction based on "extraordinary and compelling reasons," the Court would be required to consider the factors in 18 U.S.C. § 3553(a) prior to granting a motion for compassionate release. Those factors include the nature and circumstances of the offense, defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, and the protection of the public. *See* 18 U.S.C. § 3553(a). The Court need not reach these factors where Defendant has failed to exhaust his administrative remedies and has not shown extraordinary and compelling reasons for modification of his sentence.

substantiating his alleged conditions or their severity).

Based on the failure to exhaust administrative remedies, the Court dismisses Defendant's motion without prejudice. *See United States v. Alam*, 960 F.3d at 836.

### III. CONCLUSION

Defendant's motion (ECF no. 151) is DENIED without prejudice.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: July 14, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 14, 2020, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Case Manager