UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LAMARC PEACOCK,

       Defendant.

_____/

Case No. 15-cr-20010

Honorable Nancy G. Edmunds

## OPINION AND ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE [167]

Defendant LaMarc Peacock is currently in the custody of the Federal Bureau of Prisons (FBOP) at Allenwood USP. (ECF no. 167.) Pending before the Court is Defendant's motion for reconsideration "under Rule 59" of the Court's prior opinion and order denying without prejudice Defendant's motion for early release. (ECF no. 167.)

The Court's prior opinion and order denied without prejudice Defendant's request for compassionate release based on his failure to exhaust administrative remedies. *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020). Because the prior motion was denied without prejudice, the Court considers Defendant's request for reconsideration as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed in response to the COVID-19 pandemic.[1] (ECF no. 167.) With his most recent motion, Defendant includes an

_____

[1] Pursuant to Eastern District of Michigan LR 7.1(f), the motion will be determined without oral argument. The government filed a response to Defendant's earlier motion (ECF no. 151), which raised many of the same issues as Defendant's current motion. (ECF no. 156.)

Inmate Request to Staff Response, dated July 17, 2020, which denies Defendant's request for Compassionate Release/Reduction in Sentence that was made to the FBOP.[2] *See* 18 U.S.C. § 3582(c)(1)(A).

In this letter/motion, as well as in the prior letter/motion Defendant references ill parents, as well as the COVID-19 pandemic. (ECF no. 151, 167.) In this motion Defendant also alleges that he has been taking mental health medication since he was a child. (ECF no. 167.)

## I.  Background

In June 2015, Petitioner pleaded guilty to six of eight indicted counts pursuant to a Rule 11 plea agreement, including Hobbs Act robbery and use of a firearm during and in relation to a robbery. (Rule 11 Plea Agr., ECF no. 34.) On January 28, 2016, the Court sentenced Petitioner to a total of 192 months: 24-month concurrent sentences on counts one, three, five and seven, and 84-month consecutive sentences on counts six and eight. (Judgment, ECF no. 101; Sentencing Hearing at 16-17, ECF no. 119.)

## II.  Analysis

Defendant files his motion for compassionate release against the backdrop of a pandemic unprecedented in our lifetime. The prison system has not been exempt from concerns or cases of COVID-19 within its population.[3]

---

[2]The prison's response states that Defendant may appeal this decision through the Administrative Remedy Process. (ECF no. 167.) There is no evidence that Defendant did so.

[3]At the time of this Order, the FBOP website shows that Allenwood USP reported confirmed active cases of COVID for 3 positive inmates and 2 positive staff. *See* https://www.bop.gov/coronavirus/ (last visited October 28, 2020).

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides that

The court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;
. . .
... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The provisions require a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

Defendant argues that a lot of people have died due to the COVID-19 pandemic, that he lost an uncle who was dear to him, that his father contracted the virus and survived it and also has sarcoidosis, and that his mother is "very sick but afraid to go to the hospital." (ECF no. 167.) He also alleges that he has been taking mental health medication since the age of nine years old and he has three children. He alleges that the FBOP "does not know what to do" in the face of this pandemic and he "would rather die" with his family. (ECF no. 167.)

The applicable Sentencing Commission policy statement limits compassionate release to a narrow group of defendants with "extraordinary and compelling reasons" for

3

release in four categories: (A) Medical Condition of the Defendant, (B) Age of the Defendant, (C) Family Circumstances, and (D) Other Reasons "[a]s determined by the Director of the Bureau of Prisons." See U.S.S.G. § 1B1.13, commentary n.1. Defendant's age, 24 years old, does not provide an extraordinary or compelling reason for his release and he does not raise any compelling medical conditions of his own, nor did he provide evidence of the same.[4] For a non-terminal medical condition to qualify as an "extraordinary and compelling reason" for compassionate release, Defendant must be suffering from "a serious physical or medical condition" or "a serious functional or cognitive impairment" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13, commentary n. 1(A)(ii). Defendant has neither alleged nor shown a condition that meets this degree of seriousness, nor is there evidence that a condition causes Defendant to have trouble with providing self-care, even when considered in the context of the current pandemic. Further, Defendant's mental health was discussed at the sentencing. (*E.g.,* ECF 119, at 13.)

Defendant has not alleged family circumstances under which compassionate release may be granted. *See* U.S.S.G. § 1B1.13, commentary n.1. He provides no further

_____

[4]The populations most likely to suffer severe illness with COVID-19 are "[o]lder people, and those with underlying medical problems like cardiovascular disease, diabetes, chronic respiratory disease, and cancer." *See* Coronavirus, World Health Organization, https://www.who.int/health-topics/coronavirus#tab=tab_1 (visited October 28, 2020); *see also* Coronavirus Disease, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (visited October 28, 2020) ("As you get older, your risk for severe illness from COVID-19 increases. . . .  There are also other factors that can increase your risk for severe illness, such as having underlying medical conditions.").

4

information or evidence to show that the conditions related to his parents are extraordinary and compelling reasons, even when considered under the current circumstances, to grant compassionate release. *See generally United States v. Lotts,* 2020 WL 835298 (D.N.M. Feb. 20, 2020) (court denied motion where the defendant did not provide evidence substantiating his alleged conditions or their severity). Defendant does not show extraordinary and compelling reasons for release.

Even if the Court had determined that Defendant had shown "extraordinary and compelling reasons" for a sentence reduction, the Court would deny relief based on factors in 18 U.S.C. § 3553(a), which must be considered prior to granting a motion for compassionate release. Those factors include the nature and circumstances of the offense, defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, deterrence, and the protection of the public. *See* 18 U.S.C. § 3553(a). Defendant has failed to establish that these factors weigh in favor of granting the requested relief. Resentencing Defendant and/or releasing him to home confinement, even if he had presented extraordinary and compelling circumstances justifying such relief, would not be consistent with § 1B1.13(2) or the § 3553(a) factors. In January 2016, Defendant was sentenced to 192 months total and to date he has served less than half of his sentence. (ECF no. 101.) The Court also considered Defendant's criminal history. Defendant's conviction in this case was his fourth and this one involved armed robberies. (ECF no. 119, at 18.)  In addition and with respect to deterrence, protection of the public and rehabilitation efforts, in October 2018, Defendant committed an assault on another inmate. Defendant pleaded guilty to a charge of assault resulting in serious bodily injury, and is now serving a two-year sentence running

concurrently with the sentence in this case. (Case no. 2:18-cr-20772, ECF nos. 39, 40.)

The section 3553(a) factors do not support a sentence reduction.

### III. CONCLUSION

Defendant's motion (ECF no. 167) is DENIED with prejudice.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  November 2, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 2, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager