UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAMARC PEACOCK,

    Defendant.
                                    /

Case No. 15-cr-20010

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [176]**

Defendant LaMarc Peacock is currently in the custody of the Federal Bureau of Prisons (FBOP) at Allenwood USP. (ECF No. 176.) Pending before the Court is Defendant's motion for reconsideration "under Rule 59" of the Court's prior opinion and order denying Defendant's request for early release. (ECF Nos. 167, 175, 176.)

**I.  Background**

This is, substantively, the third time Defendant has asked the Court for compassionate release. In May 2020, Defendant filed a motion for early release due to the COVID-19 pandemic. (ECF No. 151.) The Court treated the first motion as a motion for compassionate release and denied it without prejudice for failure to exhaust administrative remedies. *See United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020); (ECF No. 161). At the end of July 2020, Defendant filed another motion, which he identified as a "motion under Rule 59" for "reconsideration." (ECF No. 167.)  Because the earlier motion was denied without prejudice and the new motion contained additional information and evidence

1

of exhaustion of administrative remedies, the Court considered Defendant's request for reconsideration as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed in response to the COVID-19 pandemic.[1] (ECF no. 167.) The Court denied the motion. (ECF No. 175.) Defendant identifies this recent motion as another "Motion for reconsideration" under "Rule 59." (ECF No. 176.) The Court will treat Defendant's motion as a motion for reconsideration under Local Rule 7.1(h).

## II. Analysis

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may move for reconsideration of an order within fourteen days after entry of the order.[2] For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). A court generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id.*

Defendant does not identify an error in the Court's prior order and the arguments he raises now are generally the same as those that were before the Court when it considered his motion. *See Nagle Indus., Inc., v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997) (noting that "motions for reconsideration are not the proper vehicle to relitigate issues previously considered") (internal quotations and citation omitted). Several of the allegations

---

[1] Pursuant to Eastern District of Michigan LR 7.1(h), the motion will be determined without a response from the government or oral argument.

[2] Due to the circumstances surrounding the submission of Defendant's letter/motion to the Court, the Court declines to address the timeliness of his motion for reconsideration.

by Defendant merely add additional detail to issues raised before, including that his mother has been diagnosed with cancer, and that he has tested positive for COVID-19 with supporting documentation regarding his COVID-19 diagnosis. He makes new allegations regarding the conditions of his COVID-related quarantine. Defendant has not identified a defect, the correction of which would result in a different disposition of the case.

Even if the Court were to reconsider its findings, this would not result in a different disposition of the motion. The Court would continue to find that Defendant has not shown extraordinary and compelling reasons for compassionate release. His mother's diagnosis is mentioned for the first time in the motion for reconsideration, though her health was mentioned in the underlying motion, and it remains unsupported by evidence. *See generally United States v. Lotts,* 2020 WL 835298 (D.N.M. Feb. 20, 2020) (court denied motion where the defendant did not provide evidence substantiating his allegations). Nor would the Court change its finding that Defendant has not alleged family circumstances under which the Court would grant compassionate relief. *See* U.S.S.G. § 1B1.13, commentary n.1.

With respect to Defendant's COVID-19 diagnosis, the medical records note that he was symptomatic and that he reported chills, hot spells, dizziness and not feeling "normal." (ECF No. 176.) Based on current guidance from the Centers for Disease Control and Prevention (CDC), the Court's determination remains that Defendant has not shown evidence of underlying medical conditions that may increase his risk for more severe illness from COVID-19, nor does his age increase his risk of a more severe illness. (ECF No. 175 at 4.)

Finally and significantly, the Court would not change its findings that the 18 U.S.C. § 3553(a) factors, considered in the prior motion and at sentencing, weigh against granting

Defendant's request. In the opinion and order, the Court noted Defendant's criminal history, his conviction for armed robbery, the fact that he has served less than half of his sentence, and his assault of another inmate (resulting in another charge and additional concurrent 2-year sentence), as among the reasons for concluding that a sentence reduction would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

### III.   Conclusion

For the reasons set forth herein, Defendant's motion for reconsideration (ECF No. 176) is DENIED.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated:  January 15, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2021, by electronic and/or ordinary mail.

> s/Lisa Bartlett
> Case Manager