UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                          No. 15-CR-20010-02

v.                                                     Honorable Nancy G. Edmunds

LAMARC PEACOCK,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR 18 U.S.C. § 3582 COMPASSIONATE RELEASE [180]**

Defendant LaMarc Peacock is currently in the custody of the Federal Bureau of Prisons (FBOP) at USP Lee in Virginia. (ECF No. 180.) Pending before the Court is Defendant's motion for compassionate relief under 18 U.S.C. § 3582(c)(1)(a)[1]. (ECF No. 180.) Defendant has also provided additional documentation from the BOP to support his motion. Pursuant to Eastern District of Michigan LR 7.1(f), the motion will be determined without oral argument.

**I.    Background**

This is Defendant's fourth motion requesting or related to requests for compassionate release. In May 2020, Defendant filed a motion for early release due to the COVID-19 pandemic. (ECF No. 151.) The Court treated the first motion as a motion for compassionate release and denied it without prejudice for failure to exhaust

---

[1] Defendant also cited "4205(g)" in the caption of his motion. 18 U.S.C. § 4205 covers "time of eligibility for release on parole" and was repealed in 1984.

administrative remedies.  *See United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). (ECF No. 161).  At the end of July 2020, Defendant filed another motion, which he identified as a "motion under Rule 59" for "reconsideration."  (ECF No. 167.)  Because the earlier motion was denied without prejudice and the new motion contained additional information and evidence of exhaustion of administrative remedies, the Court considered Defendant's request for reconsideration as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed in response to the COVID-19 pandemic.  (ECF no. 167.)  The Court denied the motion.  (ECF No. 175.)  Defendant filed a third motion, and again titled it a "motion for reconsideration" under "Rule 59." (ECF No. 176.) The Court addressed it as a motion for reconsideration under Local Rule 7.1(h) and denied it.  (ECF No. 178.)

**II.     Legal Standard**

Eighteen U.S.C. § 3582(c)(1)(A) allows district courts to reduce the sentences of incarcerated persons if (i) "extraordinary and compelling reasons warrant such a reduction," or (ii) the defendant is at least 70 years old and other statutory factors are met. 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  Defendant does not meet the age and other statutory prerequisites for relief under sub-section (ii).  To be eligible for a sentence reduction under 18 U.S.C.§ 3582(c)(1)(A)(i), three requirements must be satisfied. First, the court must find that "extraordinary and compelling reasons warrant" a sentence reduction. *See United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the court must find that "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* at 1108 (citing 18 U.S.C. § 3582(c)(1)(A) (emphasis added)). When an incarcerated

2

person, rather than the BOP, files a compassionate-release motion, the court omits this second step. *Id.* at 1111; *see also United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021). Third, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**III.    Analysis**

   **A. Exhaustion of Administrative Remedies**

An inmate may bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the BOP. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing *Alam*, 960 F.3d at 833-35). Defendant exhausted his administrative remedies. He requested compassionate release from the warden of his facility on December 6, 2021, and filed the present motion over 30 days later. (See ECF No. 180, PageID.903-905.) The Court therefore finds this threshold requirement to relief has been satisfied.

   **B.    Extraordinary and Compelling Reasons**

Section 3582 does not define "extraordinary and compelling reasons." Thus, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519-20; *see also Jones*, 980 F.3d at 1109. But "discretion" does not mean the court's power is without limit. *United States v. Hunter*, 12 F.4th 555,

562 (6th Cir. 2021). For instance, an inmate's rehabilitation, standing alone, is not an extraordinary and compelling reason for a sentence reduction. *Id.* at 572 (citing 28 U.S.C. § 994(t)).

Defendant relies on many of the same arguments he made previously to the Court in prior motions, including arguments related to his mother's health and COVID-19. He also includes arguments related to his progress in prison, his age at the time of committing the underlying crimes and an alleged sentencing discrepancy with his co-defendants.

Defendant has not shown extraordinary and compelling reasons for compassionate release. His mother's diagnosis was mentioned for the first time in the motion for reconsideration, though her health was mentioned generally in the underlying motion. As noted in prior orders, it remains unsupported by evidence. *See generally United States v. Lotts*, 2020 WL 835298, at *4 (D.N.M. Feb. 20, 2020) (court denied motion where the defendant did not provide evidence substantiating his allegations). Defendant has neither alleged nor shown family circumstances that are extraordinary or compelling.

With respect to Defendant's COVID-19-related claims, the Court stands by its prior determination that Defendant has not shown evidence of underlying medical conditions that may increase his risk for more severe illness from COVID-19, nor does his age increase his risk of a more severe illness. (ECF No. 175 at 4.) He raises no other extraordinary or compelling reasons related to COVID-19.

The Court has also considered the additional reasons raised by Defendant, some of which are arguably not a proper subject of a motion for compassionate release. With

respect to his sentencing, Defendant argues that he was the "less violent person" in his "case" and that the "most violent people" are already done serving their sentences or "never received time for whatever reasons." (ECF No. 180 PageID.889.) To the extent Defendant is arguing that a sentencing disparity exists between himself and his co-defendants, the co-defendants were sentenced before him and the Court specifically addressed the issue of disparities at the sentencing hearing. The Court noted that Defendant's criminal history category was greater than that of one of the co-defendants, calling it a "much more extensive criminal history." (ECF No. 119 PageID.589.) To the extent Defendant argues that the Court should recognize his youth at the time of committing the crimes, that was known and taken into account at sentencing, as were the circumstances of Defendant's childhood. (ECF No. 119 PageID.582, 588-89.)

Defendant also argues that "due to the First Step Act," if he were sentenced today he would not receive as much time. Defendant was sentenced below the guidelines range at that time, including on the 924(c) counts (two consecutive 84-month sentences i.e., 7 years each). (ECF Nos. 101, 147 PageID.741.) Since the time of Defendants' first motion for compassionate release in 2020, the Sixth Circuit has given further guidance to the courts on the application of 18 U.S.C. § 3582(c). The Sixth Circuit has clarified that non-retroactive changes in the law are not "'extraordinary and compelling reasons' for a sentence reduction." *Hunter*, 12 F.4th at 562.

Defendant points out that he has obtained over 200 hours of educational classes and has completed two subjects toward his GED and has only two subjects remaining. (ECF No. 180 PageID.886.) While the Court commends Defendant for participating in GED and other educational coursework, rehabilitation alone cannot be considered an

extraordinary and compelling reason for a sentence modification. *See Hunter*, 12 F.4th at 561 (citing 28 U.S.C. § 994(t)).

Whether considered individually or in combination, the Court finds that Defendant has not shown extraordinary and compelling reasons to warrant a change in his sentence.

### C.     18 U.S.C. § 3553 Factors

Finally and most significantly, the Court finds that the 18 U.S.C. § 3553(a) factors, considered herein, as well as in the prior motions and at sentencing, weigh against granting Defendant's request.  In its opinion and order dated November 2, 2020, the Court considered the § 3553 factors and noted Defendant's criminal history, his conviction for armed robbery, the fact that he has served less than half of his sentence, and his assault of another inmate (resulting in another charge and additional concurrent 2-year sentence), as among the reasons for concluding that a sentence reduction would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).  (ECF No. 175.)  These factors, as well as those considered at sentencing, remain relevant here. Furthermore, the recent disciplinary log shows physical incidents as recently as 2019, including "fighting with another person" and "assaulting w/o serious injury."[i]  (ECF No. 180, PageID.910.)  Two additional incidents that did not involve fighting or assaults, were noted in 2020 and 2021.  (*Id.*)  Despite Defendant's laudable work toward obtaining a GED, such information is not sufficient to alter a weighing of the sentencing factors to favor his release.  The § 3553(a) factors do not support a sentence reduction.

6

### IV.     Conclusion

For the reasons set forth herein, Defendant's motion for compassionate release (ECF No. 180) is DENIED.

SO ORDERED

                                       s/Nancy G. Edmunds
                                       Nancy G. Edmunds
                                       United States District Judge

Dated: August 1, 2022

I hereby certify that a copy of the foregoing document was served upon Defendant and counsel of record on August 1, 2022, by electronic and/or ordinary mail.

                                       s/Lisa Bartlett
                                       Case Manager

---

[i] Defendant included with this motion a recent "chronological disciplinary log" dated January 24, 2022.  (ECF No. 180.)  The Court appreciates Defendant's candor in submitting updated documents with this motion, and that is one of the reasons the Court finds that a response from the Government would not add additional necessary information to this decision.